UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMELL MASON,

                Petitioner,

      v.                                                    9:23-CV-0193
                                                                    (GLS)

DAVID ALATARY, Acting Warden,

                Respondent.

---

APPEARANCES:                                            OF COUNSEL:

JAMELL MASON
Petitioner pro se
06696-087
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HON. CARLA B. FREEDMAN                    EMER M. STACK
United States Attorney                               Assistant U.S. Attorney
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261

GARY L. SHARPE
United States Senior District Court Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      Petitioner Jamell Mason seeks federal habeas corpus relief pursuant to 28 U.S.C.

§ 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law in Support of the

Petition; Dkt. No. 1-2, Exhibits ("Ex.").[1] Respondent David Alatary was directed to file an

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

Case 9:23-cv-00193-GLS   Document 12   Filed 04/17/23   Page 2 of 12

answer. Dkt. No. 5, Decision and Order ("March Order"). Counsel for respondent simultaneously filed a notice of appearance as well as a motion requesting to transfer venue to the District of Maryland and adjourn the response deadline. Dkt. No. 6, Notice of Appearance; Dkt. No. 7, Letter Motion. Petitioner filed a letter objecting to the March Order and a response to respondent's motion, which opposes transfer to Maryland but seeks transfer to the Southern District of New York. Dkt. No. 10, Objection; Dkt. No. 11, Response. For the reasons that follow, the Court: (1) denies respondent's motion to transfer; (2) extends the answer deadline; and (3) denies petitioner's requests to add respondents and transfer the action.

## II.   DISCUSSION

Petitioner initially listed three respondents on his petition: Alatary, the Acting Warden at Ray Brook; Michael Carvajal, the Director of the Federal Bureau of Prisons (BOP); and Patrick McFarland, the Residential Reentry Manager. Pet. at 1. The Court terminated the last two respondents, which left only Alatary as the named respondent. March Order, at 1 n.1.

Respondent presently argues that, because petitioner has been transferred to the BOP facility FCI Cumberland, in the District of Maryland, the proper respondent is the warden of Cumberland and venue lies in Maryland. Dkt. No. 7 at 1-2. Petitioner first objects to the March Order, claiming that the Court erred in terminating Carvajal and McFarland, Dkt. No. 10, and then opposes transfer to Maryland, claiming instead that venue is appropriate in the Southern District of New York, Dkt. No. 11 at 1-3.

### A.   Jurisdiction

"The question [of] whether [a court] has jurisdiction over [a] habeas petition breaks down into two related subquestions. First, who is the proper respondent to that petition? And second, does [the court] have jurisdiction over him or her?" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). A writ of habeas corpus must "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. The default rule is that the proper respondent is "the warden of the facility where the prisoner is being held." *Padilla*, 542 at 435. Here, when petitioner filed the instant action, he was incarcerated at Ray Brook, which is Essex County, in the Northern District of New York; therefore, the Northern District was the district of confinement.[2] Petitioner correctly named the acting warden of Ray Brook as a respondent. Therefore, this Court initially obtained proper jurisdiction over petitioner's case. *See Padillia*, 542 US at 434-35.

The question is whether this Court has jurisdiction to decide petitioner's action now that the only named respondent, Alatary, no longer exercises control over petitioner and petitioner's current custodian is located outside of the Northern District. Respondent argues that petitioner's transfer rendered the petition moot, presumably divesting the Court of its jurisdiction. Dkt. No. 7 at 1. However, much of what the respondent relies upon is inapposite or unpersuasive.

First, respondent cites a Second Circuit case deciding a civil rights action, brought pursuant to a different statutory scheme, which sought specific relief from the particular facility in which the plaintiff was housed. *See Sweeper v. Taylor*, 383 F. App'x 81, 82 (2d

---

[2] The BOP website provides various information about each of its facilities, including the county in which the facility is located. *See* Federal Bureau of Prisons: FCI Ray Brook, https://www.bop.gov/locations/institutions/rbk (last visited Apr. 13, 2023); 28 U.S.C. § 112 (a) (listing Essex County as one of the thirty-two counties in the Northern District of New York).

Cir. 2010). The holding is inapplicable to the instant case. In *Sweeper*, the plaintiff's transfer mooted the possibility for injunctive relief regarding the alleged violation of plaintiff's conditions of confinement, specifically his placement in solitary housing for refusing to cease praying while he was working during Ramadan. *Id.* at 82. Here, unlike the plaintiff in *Sweeper*, petitioner is not challenging the conditions of his confinement. Instead, he challenges the custody itself and is seeking release therefrom.

Similarly, the instant action is also distinguishable from respondent's reliance on the rationale in *Norwood*, where the default "immediate custodian" rule from *Padilla* did not apply because petitioner was also seeking relief other than his immediate release from custody. *See Norwood v. Williams*, No. 3:17-CV-1636, 2018 WL 340022, at *2-3 (D.Conn. Jan. 9, 2018) (relying on Supreme Court precedent for proper venue when petitioner did not challenge immediate physical custody, specifically for the restitution order which petitioner challenged here).

Next, the cited language from the *Skaftourous* and *Peon* cases contemplate a situation where petitioner named the wrong respondent at the commencement of the action, and, consequently, how the court should proceed. *See Skaftourous v. United States,* 667 F.3d 144, 146 n.1 (2d Cir. 2011) ("Petitioner[] improperly named the United States as the respondent."); *Peon v. Thornburgh*, 765 F. Supp. 155, 156 (S.D.N.Y. 1991) (concluding that petitioner initially filed the action in the wrong jurisdiction, resulting in the court never having proper authority over the action, and deciding where to transfer the case "to avoid unnecessary delay of consideration of the petitioner's merits"). This is distinguishable from the instant action where petitioner properly filed his petition for federal habeas relief thereby

4

vesting this Court with jurisdiction over the petition.

Finally, there is the petitioner in *Perez* who challenged the disciplinary hearing that led to his loss of good time credits. *See Perez v. Breckon*, No. 9:17-CV-0353 (JKS), 2019 WL 652410, at *2 (N.D.N.Y., 2019). That decision used the *Sweeper* case to conclude that, despite properly filing his habeas action in the correct district and naming the proper respondent, petitioner's transfer to a facility in a different judicial district mooted his claims. *See id.* (citing *Sweeper*, 383 F. App'x at 82). For the reasons previously discussed, the *Sweeper* decision is inapplicable to the situation at hand. Further, *Perez* fails to discuss the prevailing Supreme Court standard for deciding questions about jurisdiction and venue when a petitioner is transferred from one BOP facility to another. Therefore, even though the decision is from this District, it is unpersuasive.

The Supreme Court has held that a government-initiated transfer of a petitioner from one federal facility to another, in a different judicial district, does not automatically divest the Court of its jurisdiction so long as "there is a respondent within reach of its process who has custody of the petitioner." *Ex parte Endo*, 323 U.S. 283, 306-07 (1944); *see Padilla*, 542 U.S. at 440-41 ("*Endo* stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). Courts have found that the presence of a BOP facility within the jurisdiction, even after a petitioner was transferred to a different judicial district, was sufficient to keep the respondent "within reach" and allow the original district court to maintain jurisdiction. *See*

5

*Warren v. United States*, No. 3:10-CV-1245, 2011 WL 4435655, at *4 (D.S.C. Sept. 23, 2011); *Lopez v. Fisher*, No. 0:10-CV-2407, 2012 WL 6778518, at *4-*5 (D. Minn. Nov. 29, 2012). This is consistent with the purpose of the immediate custodian rule – seeking to "prevent rampant forum shopping by the habeas petitioners" – because "[o]nce a prisoner has properly filed a petition in the only permissible district naming the only permissible respondent, no such policy is served by transferring the case to a new district (or dismissing [it] altogether) every time the BOP decided to move the prisoner." *Warren*, 2011 WL 4435655, at *5 (internal quotation marks and citations omitted).

The Second Circuit has more broadly held that "[b]ecause jurisdiction attaches on the initial filing for habeas corpus relief, [the court] maintain[s] jurisdiction," even when a petitioner is transferred to a different judicial district. *Middleton v. Schult*, 299 F. App'x. 94, 94 n.1 (2d Cir 2008). This is consistent with other Circuit Court decisions. *See Chapman v. Mairoanna*, 521 F. App'x 44, 45 n.1 (3rd Cir. 2013) (per curiam) ("When a prisoner is transferred while the litigation is pending, 'habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed.'" (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 n.1 (D.C. Cir. 1998)); *Paulsen v. Daniels*, 413 F.3d 999, 1005 n.3 (9th Cir. 2005) ("Jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.") (internal quotation marks and citations omitted).

This practice has also more recently been followed by this Court, *see Turane v. Doldo*, No. 9:20-CV-0437 (GTS), Dkt. No. 31, Decision and Order of May 4, 2021 (denying petitioner's motion to transfer venue based, in part, on respondent's counsel's argument that

6

cited to *Middleton* and stated "[t]his Court's jurisdiction will continue regardless of where petitioner resides") (quoting *Turane*, Dkt. No. 26, Memorandum of Law in Opposition, at 28), as well as several others within the Circuit, *see Dixon v. Terrell*, No. 1:10-CV-562, 2011 WL 4543712, at *6 (E.D.N.Y. Sept. 29, 2011) (concluding that even though the BOP transferred petitioner from Brooklyn to California and then to South Carolina, the Eastern District retained jurisdiction over the § 2241 petition); *Tribble v. Killian*, 632 F. Supp. 2d 358, 361-362 (S.D.N.Y. 2009) (holding that where petitioner properly brought a habeas petition in Georgia, by naming his immediate custodian and filing the action in the district of confinement, the instant New York action should be transferred back to Georgia and consolidated because BOP transfers do not deprive federal courts of jurisdiction to hear a habeas petition); *Boone v. Menifee*, 387 F. Supp. 2d 338, 344 (S.D.N.Y. 2005) ("It is settled law that the Bureau of Prisons cannot deprive a federal court of jurisdiction to hear a habeas petition by transferring an inmate to another facility after his petition is filed.").

Accordingly, this Court can properly retain jurisdiction over the instant action.[3]

### B. Proper Respondents

The next question is whether the Court should grant petitioner's request to add Carvajal and McFarland as respondents.

Where a petitioner is on supervised release or parole, "a petitioner may substitute whatever parole board or other governing body is responsible for setting the conditions of supervised release and enforcing them if the petitioner violates those conditions." *Miller v.*

---

[3] Petitioner provides a conclusory argument that jurisdiction is appropriate in the District Court for the Southern District of New York. Dkt. No. 11, at 3. However, petitioner provides no legal analysis to support that conclusion. For the reasons previously stated, this Court retains jurisdiction of the instant action.

*Sangiacomo*, No. 10-CV-0169, 2010 WL 3749065, at *3 (W.D.N.Y. Sept. 30, 2010) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)).

At the time the instant action was filed, petitioner was not released, he was in BOP custody at Ray Brook. However, petitioner was challenging the disciplinary decision which violated his release and placed him in custody, a decision which was not made, but was reported to petitioner, by McFarland. Dkt. No. 1-2 at 3-7.

A petitioner in a similar case in the Eastern District of New York, challenging her subsequent custody in a federal facility after being violated while she was released to home detention pursuant to the CARES Act, also named McFarland as a respondent because he "is apparently a key actor in determining whether an alleged violation will result in revocation of home confinement." *Lallave v. Martinez*, 609 F. Supp. 3d 164, 172 (E.D.N.Y. 2022). Lallave actually filed two separate habeas petitions. The first was while she was in BOP custody. *Id.* at 170. When the Eastern District was presented with a motion to dismiss for improper venue, the court noted that McFarland was listed as a respondent, but did not discuss whether that was appropriate, instead focusing on the balancing test for determining proper venue. *Id.* at 172-73. The second petition was filed after petitioner was released from the BOP facility back to home confinement. *See Lallave v. Martinez*, 22-CV-0791, 22-CV-4136, 2022 WL 7578794, at *2 (E.D.N.Y. Oct. 13, 2022). In reconsidering the prior order finding venue in the Eastern District appropriate, the court held that McFarland was "the proper respondent for an inmate supervised by a Reentry Center [because] the New York Residential Reentry Management Office . . . fulfills this supervisory role." *Id.* at *5.

However, neither decision clarified whether McFarland was initially a proper

8

respondent, or if petitioner's change in status upon her release back to the Residential Reentry Management Program is what elevated McFarland to Lallave's immediate custodian. *See Sharpe v. Boncher*, 2022 WL 16838668 at *1, n.2 (D. Mass.) (explaining that the BOP's website indicated that because the petitioner was "located" in a residential reentry management program, that program, and its manager, McFarland, served as petitioner's immediate custodian).

Thankfully, the Supreme Court again provides guidance, indicating that the habeas statutory language "indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434. Further, the Supreme Court's holdings have "never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent," and that exceptions to that rule only arise where "a habeas petitioner . . . challenges a form of 'custody' other than present physical confinement." *Id.* at 437-42 (identifying other Supreme Court holdings and explaining why they have not changed or otherwise weakened the default immediate custodian rule). Accordingly, given petitioner's incarceration at Ray Brook at the time of the filing of the petition, McFarland was not a proper respondent to the instant action.

Similarly, the director of the BOP, Michael Carvajal, is also an inappropriate respondent. The Supreme Court made clear that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent" otherwise individuals like "the State or the Attorney General [could always be] . . . a respondent . . . [and a]s the statutory language, established practice, and [Supreme Court] precedent demonstrate, that is not the case." *Padilla*, 542 U.S. at 440; *see Gordon v. Lappin*, No. 1:07-CV-10948, 2008 WL 4179233, at *2 (S.D.N.Y. Sept. 10, 2008) (dismissing § 2241 petition as

9

to Harvey Lappin, former director of the BOP, because "[t]he only proper respondent in a habeas challenge to present physical confinement generally is the person with physical custody of the detainee-e.g., the warden of the facility where the detainee is held-not a remote official") (citations omitted).

Accordingly, petitioner's objection to the March Order is rejected and the Court will not add McFarland or Carvajal as a respondent.

### C. Venue

The final question is whether, despite the fact that this Court has retained jurisdiction over the action, venue remains proper here or should be transferred to the District of Maryland, per respondent's request, or the Southern District of New York, per petitioner's request.

In determining proper venue, the Court considers the *Braden* factors, which ask "(1) 'where all of the material events took place'; (2) where 'the records and witnesses pertinent to petitioner's claim are likely to be found'; and (3) the convenience of the forum for both the respondent and the petitioner." *Henderson v. I.N.S.*, 157 F.3d 106, 128 n.5 (2d Cir. 1998) (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493-94 (1973)).

Turning to the first two factors, the material events in this case occurred in Brooklyn, New York, which is in Kings County. *See* Dkt. No. 1-1 at 3-4 (indicating that petitioner's home confinement was pursuant to the Brooklyn House Residential Reentry Center and that his violation occurred when he was at the Stillwell Avenue Train Station, which is also in Brooklyn). Kings County is located in the Eastern District of New York. *See* 28 U.S.C.

§ 112(c). Therefore, neither factor supports transfer since none of the proposed venues include the Eastern District of New York.

Regardless of where the relevant events and witnesses may be, this Court has spent time carefully reviewing the petition and supporting documents, as well as issuing this Decision and Order And because the district court is generally bound to the record provided with the answer, considerations of witness testimony is usually irrelevant. Accordingly, these factors support venue in the Northern District. *See Campbell v. Ganter*, 353 F. Supp. 2d 332, 338 (E.D.N.Y. 2004) (acknowledging that "the predisposition in this Circuit [is] to reach the merits of a dispute in service to judicial economy [thus] compel[ling] the assertion of jurisdiction by this Court") (internal quotation marks and citations omitted.)

The final factor is the convenience of the parties. Because a complete set of the relevant records has not yet been filed in this action, the Court cannot determine whether an evidentiary hearing will be necessary. *See* Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of [relevant] proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). Given "the advantages of modern technology, including faxes, scanners, and email, the difficulty of [gather]ing the required . . . records ought to be minimal" for respondent's counsel, as they are routinely tasked with doing just that. *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 496 (S.D.N.Y. 2009). There is also a great possibility that the Court can decide the petition solely on the record respondent provides the Court, "[t]hus the proximity of the judicial forum to [petitioner's current residence] is not necessary to the adjudication of this petition." *Cofield v. Lempke*, No. 1:10-CV-0284, 2011 WL 2881951, at *4 (W.D.N.Y. July 15, 2011).

Accordingly, the parties' requests to transfer the venue of this action are denied.

## III.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that respondent's motion to transfer (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED** that respondent shall file and serve an answer to the petition, and provide the Court with the relevant records,[4] within sixty (60) days of the date of this Decision and Order; and it is further

**ORDERED** that petitioner's requests to add McFarland and Carvajal as respondents and transfer venue to the Southern District of New York (Dkt. Nos. 10, 11) are **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

April 17, 2023
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[4] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Section XIII, Rule 1.1 of the Local Rules.  Respondent shall mail copies of any cited decisions exclusively reported on computerized databases, *e.g.*, Westlaw, Lexis, but he need not file copies of those decisions with the Court.  N.D.N.Y. L.R. 7.1(b)(1).